UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LARUS CLOUD SERVICE LIMITED, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil No. 1:20-cv-0310-AJT-MSN |
| ) | |
| LARUSCLOUDSERVICES.NET, ) | |
| ) | |
| Defendant. ) | |

## REPORT & RECOMMENDATION

This matter comes before the Court on plaintiff Larus Cloud Service Limited's ("plaintiff") motion for default judgment (Dkt. No. 23). Having reviewed the record and the pleadings, the undersigned Magistrate Judge recommends entering default judgment in plaintiff's favor for the reasons that follow.

**I.   Procedural Background**

On April 1, 2020, plaintiff brought an *in rem* action against defendant laruscloudservices.net ("defendant") (Dkt. No. 1). On March 20, 2020, plaintiff filed a motion for a temporary restraining order and preliminary injunction against defendant's use of the domain name. (Dkt. No. 2). The temporary restraining order was granted by order of the Court on March 20, 2020. (Dkt. No. 12). On April 3, 2020, after telephonic hearing, the court ordered that the temporary restraining order be converted to a preliminary injunction. (Dkt. No. 18). In the same order, the Court ordered plaintiff to publish the preliminary injunction order in the *Washington Times* and ordered that defendant would be served as to all claims asserted in the complaint by publication of the notice of the preliminary injunction order. *Id*. ¶¶ 4, 6.

On May 13, 2020, plaintiff requested that the Clerk of Court enter default as to the defendant. (Dkt. No. 20). In its request, plaintiff stated that, prior to the preliminary injunction hearing on March 31, 2020, the order for a temporary restraining order had been provided to Verisign, Inc., who provided it to the Chinese Registrar. *Id.* ¶¶ 8-9. Following that, in accordance with the preliminary injunction order, plaintiff published the order in the *Washington Times* on April 21, 2020. *Id.* ¶ 16; (Dkt. No. 21). The preliminary injunction order specified that an appearance or pleading was due by May 12, 2020 and when no filing was made, the plaintiff requested entry of default on May 13, 2020. (Dkt. No. 20) ¶ 17. On May 28, 2020, plaintiff filed the instant motion for default judgment. (Dkt. No. 23). On June 19, 2020 a telephonic hearing was held on this matter with a phone number entered on the docket for any member of the public to participate. Counsel for plaintiff appeared telephonically at the hearing on the motion for default judgment before the undersigned Magistrate Judge, and no claimant appeared on behalf of defendants. (Dkt. No. 26).

The complaint alleges two counts against defendants. Compl. (Dkt. No. 1) ¶ 1. Count one seeks a declaratory judgment that plaintiff has rights to the disputed domain name and count two seeks transfer of the domain name under the Federal Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) (the "ACPA"). *Id.* Plaintiff's memorandum in support of its motion for default judgment also requests that the Court's preliminary injunction be converted into a permanent injunction. (Dkt. No. 24).

**II.   Factual Background**

The following facts are established by plaintiff's complaint (Dkt. No. 1), as well as by its memorandum in support of its motion for default judgment (Dkt. No. 24).

Plaintiff, Larus Cloud Service Limited or Larus HK, is a corporation located in Hong Kong that provides internet services, including Internet Protocol hosting, IPv4 brokering and

leasing, IPv6 training and services, and VPT software solutions. (Dkt. No. 1) ¶¶ 3, 9. Plaintiff obtained a Hong Kong trademark registration for its logo in November 2016 (registration number 303949642). *Id.* ¶ 10. Plaintiff has owned <laruscloudservice.net> since August 14, 2016, and has used it in United States commerce since August 2017. *Id.* ¶ 12; (Dkt. No. 24) at 3.

The defendant domain name was registered on or about December 7, 2019 as <laruscloudservices.net>. (Dkt. No. 1) ¶ 17. The owner of the domain is unknown and the WHOIS listing states the registrant's name as "REDACTED FOR PRIVACY" and includes no contact information for the registrant. *Id.* ¶ 18. An individual or individuals using an email address from the disputed domain name, hong@laruscloudservices.net, communicated with customers, claimed to be "from larus," and used plaintiff's letterhead. *Id.* ¶¶19, 24. One conversation directs payment to "369 IntoNet Limited," a Hong Kong company whose sole director is a former employee of plaintiff, Lili Hu. *Id.* ¶ 25. Plaintiff believes this is an effort by Ms. Hu to deceive customers into thinking they are doing business with plaintiff. *Id.* ¶ 27.

## III.   Jurisdiction, Venue, and Service of Process

A court must have both subject matter and personal or *in rem* jurisdiction over a defaulting defendant before it can render a default judgment. The court has original subject matter jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) because this action arises under federal law, namely the ACPA. There is *in rem* jurisdiction over defendants pursuant to 15 U.S.C. § 1225(d)(2)(A) because defendant domain names have violated plaintiff's trademark, *id.* at § 1225(d)(2)(A)(i), and plaintiff cannot obtain personal jurisdiction over defendants because the identity of the registrant is being concealed by the registrar. Venue is likewise proper pursuant to 15 U.S.C. § 1125(d)(2)(C) because the registry for defendant domain name, VeriSign, Inc. ("VeriSign"), is located within this court's judicial district.

>The ACPA provides that for *in rem* actions, service of process must be made by:
>
>(aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and
>
>(bb) publishing notice of the action as the court may direct promptly after filing the action.

15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa)-(bb). Plaintiff has complied with subsection (aa) by providing the registry of record of the domain name with notice of plaintiff's intent to proceed *in rem*, who then provided it to the Chinese Registrar, DNSPod, Inc. (Dkt. No. 21). The contact information for defendant domain name is listed as redacted for privacy in the WHOIS database. (Dkt. No. 1) ¶ 18. Plaintiff further complied with subsection (bb) publishing the preliminary injunction order in *The Washington Times* and filing a declaration describing the steps plaintiff took to comply with the order (Dkt. No. 21). Because defendants failed to file an answer or respond within twenty-one (21) days from the date of publication in *The Washington Times*, the Clerk of Court entered the default of defendant domain name (Dkt. No. 22).

### IV.    Standard

Default judgment is appropriate if the well-pleaded allegations of the complaint establish that the plaintiff is entitled to relief, and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660, 662 (E.D. Va. 2006). By defaulting, the defendant admits the plaintiff's well-pleaded allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining

whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)). Here, because defendants have not answered or otherwise timely responded, the well-pleaded allegations of fact contained in the complaint are deemed to be admitted.

## V. Analysis

Having examined the record, the undersigned finds that the well-pleaded allegations of fact in the complaint (Dkt. No. 1), supported by plaintiff's motion for default judgment (Dkt. No. 23) and memorandum in support (Dkt. No. 24), establish that defendants violated the ACPA. Given that the relief plaintiff seeks can be achieved through the ACPA claim alone, the undersigned further finds that count I of the complaint seeking a declaratory judgment should be dismissed without prejudice.

The ACPA provides that a person is liable to a trademark owner if that person (1) registers, traffics in, or uses a domain name that is identical or confusingly similar to a distinctive or famous mark or is a trademark and (2) has a bad faith intent to profit from that mark. *See* 15 U.S.C. § 1125(d)(1)(A)(i)-(ii); *see also People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001). The complaint pleads both that defendant domain is nearly identical to the plaintiff's mark and that the registration of the domain name was in bad faith. Accordingly, plaintiff is entitled to the relief requested in its motion for default judgment.

### a. Distinctiveness of the Larus Mark

First, the undersigned finds that the Larus mark is distinctive and was distinctive at the time the disputed domain was registered. Plaintiff is the owner of the "Larus" trademark

registered in Hong Kong at Registration No. 303949642. (Dkt. No. 1) ¶ 10. Moreover, plaintiff has used the Larus mark and the laruscloudservice.net domain name for more than three years to identify and promote its business, including in the United States. *Id.* ¶ 12. Accordingly, the undersigned finds that the Larus mark is distinctive.

### b. Defendant Domain Name is Confusingly Similar to the Larus Mark

Second, the undersigned must consider whether defendant domain name is identical or confusingly similar to the Larus mark. "In assessing whether a mark is confusingly similar, the allegedly infringing domain name does not need to be identical to the registered mark. Rather, the 'dominant or salient portions' of the domain name must be sufficiently similar." *Volvo Trademark Holding AB v. Volvospares.com*, 703 F. Supp. 2d 563, 568 (E.D. Va. 2010) (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 936 (4th Cir.1995)); *see, e.g.*, *Agri-Supply Co.*, 457 F. Supp. 2d at 664 (finding that defendant's domain name "Agrisupply.com" was "confusingly similar" to plaintiff's trademark "Agri-Supply," including the domain name "Agri-Supply.com"). Here, the mark is unquestionably almost identical – the only difference between the Larus mark, and use of the domain laruscloudservice.net, and laruscloudservices.net is the "s." Accordingly, the undersigned finds that defendant domain name is confusingly similar to the Larus mark.

### c. Bad Faith

Having found that Larus mark is distinctive and that defendant domain name is confusingly similar to the mark, the last consideration is whether defendant domain name was registered or used in bad faith with the intent to profit. The ACPA lists several factors that a court may consider in determining bad faith, but does not need to be exhaustively considered. *See Lamparello v. Falwell*, 420 F.3d 309, 319-20 (4th Cir. 2005). These factors include:

  (I) a defendant's intellectual property rights in the domain name;

  (II) the extent to which the name consists of defendant's legal name;

  (III) a defendant's prior use of the domain name in connection with the bona fide offering of any goods or services;

  (IV) a defendant's bona fide noncommercial or fair use of the mark in a site accessible under the domain name;

  (V) a defendant's intent to divert consumers from the mark owner's website in such a way that could harm the goodwill of the mark;

  (VI) a defendant's offer to transfer, sell, or otherwise assign the domain name to the plaintiff or any third party for financial gain without having used, or the intent to use, the domain name in the bona fide offering of any goods or services;

  (VII) a defendant's provision of misleading or false contact information when applying for registration of the domain name;

  (VIII) a defendant's registration or acquisition of multiple domain names which it knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names without regard to the goods or services of the parties; and

  (IX) to the extent to which the mark incorporating in a defendant's domain name registration is or is not distinctive.

*See* 15 U.S.C. § 1125(d)(1)(B)(i)(I)-(IX).

  In relevant part, the undersigned finds that defendant domain name does not have intellectual property rights in the domain name, *id.* at § 1125(d)(1)(B)(i)(I); the disputed domain does not contain defendant's legal name, *id.* at § 1125(d)(1)(B)(i)(II); defendant has not engaged in bona fide noncommercial or in fair use of the mark or a bona fide offering of any goods or services, *id.* at § 1125(d)(1)(B)(i)(III)-(IV); defendant is using the domain name to divert consumers away from plaintiff's website and services for commercial gain that has resulted in harm to the Larus mark, *id.* at § 1125(d)(1)(B)(i)(V); and the Larus mark is distinctive, *id.* at § 1225(d)(1)(B)(i)(IX).

Accordingly, plaintiff pleads sufficient facts to show that plaintiff possess trademark rights in the defendant domain name, that defendant domain name is confusingly similar to the Larus mark, and that defendants had bad faith intent to profit from using the domain name. *See* 15 U.S.C. § 1125(d)(1)(A)(i)-(ii); *Doughney*, 263 F.3d at 367. Therefore, the undersigned finds that plaintiff is entitled to relief under the ACPA.

## VI.     Recommendation

For the foregoing reasons, the undersigned recommends:

1) Granting plaintiff's motion for default judgment (Dkt. No. 23);

2) Dismissing count I of the complaint because plaintiff's relief may be granted exclusively under the ACPA;

3) Converting the preliminary injunction (Dkt. No. 18) into a permanent injunction that retains plaintiff as the registrant of the disputed domain.

## VII.    Notice

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to defendant domain names at their address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

September 21, 2020
Alexandria, Virginia

8